**Fred G. STILLMAN, Petitioner—Appellant,**

v.

**A.A. LAMARQUE, in his capacity as Warden of Salinas Valley State Prison, Respondent—Appellee.**

No. 05–16309.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gail R. Weinheimer, Esq., San Anselmo, CA, for Petitioner–Appellant.

Bruce Ortega, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: B. FLETCHER, BEEZER, and FISHER, Circuit Judges.

## MEMORANDUM **

Appellant Fred Stillman appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. Stillman was convicted of the assault and the second degree murder of Bart Jackman. He alleges that the trial court violated his due process "right to be heard" when the judge refused to interrupt his recitation of the judgment in order to entertain Stillman's *pro se* motion for a new trial and later denied that motion. Stillman also alleges that he is entitled to an evidentiary hearing on his claim that the prosecution interfered with his right to present a favorable witness by circulating a rumor that his daughter, Jennifer, would not be charged in connection with Jackman's death if she did not testify in Stillman's trial. Jennifer did not testify, but was charged after Stillman's trial was over. We affirm.

### I.

Jackman was killed in a late-night brawl outside the Landmark Inn in Clearlake, California, in which Stillman, his wife Luanne, and his daughter Jennifer were all involved. The Stillmans did not know Jackman prior to the fight. Jackman died of stab wounds to the chest and stomach before the paramedics arrived at the scene. Stillman and Luanne were tried together, and Jennifer did not testify at the trial.

Stillman was convicted of second degree murder and assault. He was represented by counsel at trial and during sentencing. At his sentencing, the judge inquired as to

courts of this circuit except as provided by 9th Cir. R. 36–3.

whether there was "[a]ny legal cause why judgment should not now be pronounced." Stillman's counsel replied that there was not, and the court pronounced its judgment and sentence. Stillman then interrupted, saying, "Your Honor, I wanted to file this motion to have my daughter be a new witness and get a new trial." The trial judge responded, "Well, let me complete some matters here," and advised Stillman on his parole and appellate rights. Once this was completed, the court inquired as to what the other matter was and was handed a one-page motion for a new trial based on newly discovered evidence that Stillman had prepared without his counsel's assistance.[1] Without conceding that this was a proper motion for a new trial, the judge disregarded it, saying that "motions for new trial have to be filed before judgment is pronounced."

Stillman's daughter, Jennifer, was held in juvenile detention after Jackman's murder. Stillman alleges that charges were not filed against Jennifer until after he was convicted. Prior to his trial, Stillman told his attorney that his daughter was his "whole case," because his defense rested on his fear that Jackman would kill or seriously injure Jennifer if he did not intervene.[2] However, at the pretrial conference, Stillman heard from his lawyer that there was a rumor that the District Attorney's Office would not charge Jennifer if she was not called as a witness in the trial

of her parents. Another attorney, Bob Wylie, corroborated this.[3] Based on this information, Stillman did not ask Jennifer to testify.

## II.

A district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Leavitt v. Arave,* 371 F.3d 663, 668 (9th Cir.2004). If it is necessary to review the district court's findings of fact, they are reviewed for clear error. *Id.* at 669.

Stillman's petition was filed after April 24, 1996, so the Antiterrorism and Effective Death Penalty Act (AEDPA) applies. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal court is permitted to grant habeas relief only if the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Stillman argues that the trial judge's initial refusal to consider his *pro se* motion for a new trial violated his due process "right to be heard." Though the state argues that this claim was unexhausted,

---

1. The motion read, in its entirety: "Please take notice that upon the MX, the duly verified affidavit of Fred Stillman, and on all of the papers and proceedings had herein, the undersigned will move this court on January 29, 1996 at 10:00 a.m. or soon thereafter, as Counsel will be heard for an order setting aside the decision of Honorable Judge Crone rendered on the 29 day of January, 1996 on the ground of newly discovered evidence and the interest of justice and for such other and further relief as the Court may deem just and proper."

2. Jennifer declares that she would have testified that Jackman was intoxicated, and that the Stillmans tried to run away from the fight, but Jackman chased them and hit her with the baseball bat, causing her father to return.

3. It is unclear from Stillman's declaration who Bob Wylie was. Stillman states that he "believe[d Wylie] was the head of the local Public Defender's Office."

Stillman did at least gesture toward a federal constitutional claim in the state court proceedings. Therefore, we assume for the purposes of this decision that the "right to be heard" claim was properly exhausted.

■ The district court was correct to conclude that Stillman's due process "right to be heard" had not been violated. Stillman has pointed to no case in which the Supreme Court has recognized a right to be heard on a new trial motion. *See, e.g., Simmons v. South Carolina,* 512 U.S. 154, 174, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994) (Ginsburg, J., concurring); *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919). Thus, the state court's refusal to consider the motion was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

While the right to be heard is well-recognized, it is not absolute. The trial court's failure to stop reciting the judgment in order to entertain Stillman's skeletal *pro se* motion for a new trial was not a deprivation of his due process rights. Stillman was represented by counsel during the proceeding. The trial judge reasonably relied on the assertion of Stillman's counsel that there was no legal cause why judgment should not be pronounced. Stillman's motion requested a new trial based on newly discovered evidence, but neither presented nor described any new evidence. There is no indication that the piece of paper he put before the trial judge would have resulted in a new trial being granted.

The right to be heard is not unfettered, but properly limited by procedural rules which ensure orderly criminal proceedings. While it arguably would have been more prudent of the trial judge to inquire into Stillman's reasons for seeking a new trial, the district court was correct in concluding that his failure to do so was not constitutional error. The right to be heard cannot be stretched as far as Stillman seeks to do here.

### III.

To be entitled to an evidentiary hearing, Stillman must "(1) allege facts which, if proven, would entitled him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of trial or in a collateral proceeding." *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003) (quoting *Belmontes v. Woodford,* 335 F.3d 1024, 1053–1054 (9th Cir.2003)).

■ While there can be no disputing that Stillman had a due process "right to confront and cross-examine witnesses and to call witnesses" on his own behalf, *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), Stillman's allegations would not, if shown to be true, entitle him to relief. At best, Stillman alleges that the prosecution started a rumor that Jennifer would not be charged if she refused to testify for her father and delayed in charging Jennifer until after he was convicted. Neither Stillman nor Jennifer alleges that the prosecution approached them directly. The prosecution cannot be said to have "employ[ed] coercive or intimidating language or tactics that substantially interfere[d] with a defense witness' decision whether to testify." *United States v. Vavages,* 151 F.3d 1185, 1190 (9th Cir.1998); *see also Williams v. Woodford,* 384 F.3d 567, 601–02 (9th Cir. 2004), *amended by* 2004 U.S.App. LEXIS

18994 (9th Cir.2004) ("Undue prosecutorial interference in a defense witness's decision to testify arises when the prosecution intimidates or harasses the witness to discourage the witness from testifying, for example, by threatening the witness with prosecution for perjury or other offenses."). Moreover, Jennifer declared that she *would* have testified for Stillman if he or his lawyer had requested that she do so. Stillman decided not to ask her to testify. Stillman has not alleged facts that would entitle him to relief if shown to be true; thus, he is not entitled to an evidentiary hearing.

The judgment of the district court is AFFIRMED.